IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY SCOTT | § | |
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-1055-BD |
| MICHAEL J. ASTRUE, Commissioner of Social Security | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Scott seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including human immunodeficiency virus ("HIV"), rheumatoid arthritis, major depressive disorder, and hepatitis C. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on May 29, 2007. At the time of the hearing, plaintiff was 46 years old. She is a high school graduate with some college credit, and has past work experience as an assembler, a line inspector, and a machine operator. Plaintiff has not engaged in substantial gainful activity since September 10, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from acquired

immunodeficiency syndrome ("AIDS"), hepatitis C, and associated rheumatoid arthritis, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform the full range of sedentary work, but could not return to her past relevant employment. In view of her age, education, and exertional capacity for sedentary work, the judge determined that plaintiff was not disabled under the Medical-Vocational Guidelines. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two broad grounds for relief, plaintiff contends that: (1) the ALJ failed to properly consider the severity of her mental impairments; and (2) the assessment of her residual functional capacity is not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant

is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first contends that the ALJ failed to properly consider the severity of her mental impairments. The social security regulations provide:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe

only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). If the ALJ does not set forth the correct standard by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that an incorrect standard was used to evaluate the severity of plaintiff's impairments. *See Loza*, 219 F.3d at 393; *Stone*, 752 F.2d at 1106; *Eisenbach v. Apfel*, No. 7-99-CV-186-BC, 2001 WL 1041806 at *6 (N.D. Tex. Aug. 29, 2001). In this case, the hearing decision specifically cites *Stone* as well as the applicable regulations. (*See* Tr. at 17 n.3 & 21). Therefore, the only question is whether substantial evidence exists to support the finding that plaintiff's mental impairments are not severe. *See Musgrove v. Astrue*, No. 3-07-CV-0920-BD, 2009 WL 3816669 at *3 (N.D. Tex. Nov.13, 2009).

In an attempt to establish the severity of her mental impairments, plaintiff relies on medical records which document an eight-year history of depression and associated symptoms such as a decreased energy level, low motivation, difficulty with concentration, memory problems, feelings of isolation, worry and guilt, crying spells, panic attacks, obsessive thoughts, and sleep problems. (*See* Tr. at 212, 230, 240, 243, 264, 283, 307-08, 402). However, the diagnosis of symptoms or a condition, without more, is insufficient to establish that a condition is "severe." *See Musgrove*, 2009 WL 3816669 at *3 (citing cases). Plaintiff bears the burden of proving that the diagnosed condition has more than a minimal effect on her ability to engage in work related activities. *Id.*; *see also McClatchy v. Barnhart*, No. ASA-03-CA-0914-X, 2004 WL 2810100 at *6 (W.D. Tex. Dec. 3, 2004), *rec. adopted*, 2005 WL 1593395 (W.D. Tex. Jun. 30, 2005). Here, plaintiff worked for approximately seven years after she began treatment for depression in 1995. (*See* Tr. at 230). "The ability to work while experiencing an impairment suggests that the impairment is not severe."

*Musgrove*, 2009 WL 3816669 at *6, *quoting Winget v. Astrue*, No. MO-07-CV-017, 2007 WL 4975206 at *7 (W.D. Tex. Dec. 14, 2007). There is no evidence that plaintiff's treating physicians placed any restrictions on her work activities because of her mental condition. Nor is there evidence that plaintiff ever indicated that she had difficulty performing any work activities as a result of her depression and associated symptoms. Indeed, at the administrative hearing, plaintiff testified that she quit working because she was *physically* unable to do her job. (*See* Tr. at 850, 858).

Plaintiff also points to GAF scores ranging from 45-58 as evidence that her mental impairments are "severe." (*See* Tr. at 234, 243, 265).[1] Although such scores could indicate a moderate to serious impairment in social, occupational, or school functioning, *see* American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR ("DSM IV-TR") at 34 (4th ed. 2000), a low GAF score is not determinative of a disability. *Nickerson v. Astrue*, No. 3-07-CV-0921-BD, 2009 WL 321298 at *6 (N.D. Tex. Feb. 6, 2009); *see also Hill v. Astrue*, No. H-08-3160, 2009 WL 2901530 at *7 (S.D. Tex. Sept. 1, 2009), *citing* 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000). There is no medical evidence to suggest that plaintiff's GAF scores were based on a perceived impairment that affects her ability to work. Thus, the scores, standing alone, are not evidence of a severe impairment. *Hill*, 2009 WL 2901530 at *7; *see also Quaite v. Barnhart*, 312 F.Supp.2d 1195, 1200 (E.D. Mo. 2004) (in the absence of evidence indicating that physician assigned low GAF score because he perceived an impairment in plaintiff's ability to work, the score does not establish a severe impairment).

---

[1] GAF, or global assessment of functioning, is a standardized measure of psychological, social, and occupational functioning used in assessing a patient's mental health. *See Boyd v. Apfel*, 239 F.3d 698, 700 n.2 (5th Cir. 2001). The GAF scale ranges from 100, denoting superior functioning, to 1, indicating that the patient is in persistent danger of severely hurting herself or others, has a persistent inability to maintain minimal personal hygiene, or has engaged in a serious suicidal act with a clear expectation of death. *Brown v. Barnhart*, 285 F.Supp.2d 919, 924 n.7 (S.D. Tex. 2003), *citing* American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS ("DSM-IV-TR") at 20 (4th ed. 1994).

Nor do the results of plaintiff's psychological evaluation and psychiatric examination establish that her mental impairments are severe. On January 22, 2003, Dr. Gail Lambeth, a consulting psychologist, evaluated plaintiff and diagnosed her with Major Depressive Disorder. (*See* Tr. at 233). In her written report, Dr. Lambeth explained that:

> Ms. Scott reported that she feels depressed almost all the time. She stated that she has days where she does not want to get out of bed and that she has problems with handling stress and has experienced a loss in interest and pleasure in most things. She reported problems with sleeping and feeling hopeless, helpless and worthless and feeling very guilty. These symptoms appear to cause her impairment in her ability to function daily.

(*Id.*). A similar opinion was rendered by Dr. Horace DeFord, a consulting psychiatrist, who determined that plaintiff's "alcohol dependence, psychomotor agitation, dependency problems, [ ] depressed mood, and somatic complaints would be a challenge to vocational rehabilitation." (*Id.* at 243). To the extent Dr. Lambeth and Dr. Ford believe that plaintiff's depression and associated symptoms prevent her from engaging in work related activities, their opinions are contrary to the objective medical evidence, which does not indicate that plaintiff's mental condition had any effect on her ability to work. Under these circumstances, the ALJ was not required to accept the opinions of these consultants. *See Taylor v. Apfel*, 228 F.3d 409 (Table), 2000 WL 1056273 at *1 (5th Cir. Jul. 24, 2000) ("The ALJ may reject the opinion of any physician, including the treating doctors, if the evidence supports a contrary conclusion or is not adequately supported by the record as a whole.").

The same is true for the opinions of various state agency physicians who, according to plaintiff, diagnosed her with "severe mental impairments." (*See* Plf. MSJ Br. at 7-8). Although some these state agency physicians noted "moderate" limitations in plaintiff's abilities to perform basic work activities, (*see* Tr. at 532, 546, 582-83, 586-87, 590-91), they all determined that

plaintiff's mental condition did not preclude her from working. (*See id.* at 584, 588, 592). One consultant, Dr. Robert White, stated that plaintiff "can perform detailed, but not complex tasks, attend & concentrate for extended periods, cooperate w/ peers & supervisors, & adapt to changes in the workplace." (*Id.* at 584). Another consultant, Dr. Leela C. Reddy, wrote that plaintiff "retains the ability to understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in a routine work setting." (*Id.* at 588).[2] In view of all this evidence, the ALJ was entitled to find that plaintiff's mental condition was not a severe impairment.

C.

Plaintiff also contends that the assessment of her residual functional capacity is not supported by substantial evidence because the ALJ failed to include limitations resulting from her mental condition, including fatigue -- a symptom of both HIV and hepatitis C, as well as a recognized side-effect of her medication. "As factfinder, the ALJ has the sole responsibility for weighing the evidence and choosing whichever limitations are most supported by the record." *Musgrove*, 2009 WL 3816669 at *6, *citing Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). Here, the ALJ was not required to include any limitations resulting from plaintiff's mental condition because, as previously discussed, the objective medical evidence does not support any such limitations. Although plaintiff has complained of fatigue and a low energy level over the years, (*see* Tr. at 238, 241, 276, 277, 398, 413, 437, 44, 462, 464, 519, 850), there is no objective medical evidence that plaintiff cannot perform the full range of sedentary work due to fatigue. As the ALJ noted:

> At the hearing I contemplated a finding that Ms. Scott could not endure full eight-hour workdays, but after further review of the objective medical evidence, I have concluded that she has at all

---

[2] Dr. Reddy also noted that plaintiff's "alleged mental limitations are not fully supported by EOR." (Tr. at 588).

> relevant times had the exertional capacity for the sustained performance . . . of a full range of sedentary work duties, the least strenuous of the several exertional work activity levels. I considered the several impairments as I made this functional capacity determination, but there is no indication that these unrelated body system impairments and possible adverse medication side effects combine to impose additional limitations upon this already limited capacity.

(*Id.* at 21) (internal record citations omitted). Because there is no objective medical evidence that supports a contrary conclusion, plaintiff cannot demonstrate error in this regard.

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: November 16, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE